UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLMED SYSTEMS INC., et al., | No. C 10-0904 MHP |
| Plaintiffs, | **MEMORANDUM & ORDER** |
| v. | Re: Plaintiffs' Motion for Attorneys' Fees |
| HEALTHTRONICS, INC, | |
| Defendant. | |

Defendants removed this action to this court on March 3, 2010. As of that date, an identical action styled as *HealthTronics, Inc. v. Lisa Laser USA, Inc & Lisa Laser Products OHG*, Cause No. D-1-64-08-004469, was pending in Texas state court. Both the Texas trial court and intermediate appellate court had already found the forum selection clause specifying the state courts in Alameda County as the appropriate venue to be inapplicable to this dispute. On Friday, April 16, 2010, the Texas Supreme Court held that:

> The forum-selection clause at issue in this case governs the forum for the dispute between HealthTronics and Lisa Laser, and the trial court abused its discretion in failing to dismiss the case based on this clause. . . . we conditionally grant Lisa Laser's petition for a writ of mandamus and direct the trial court to vacate its order and grant Lisa Laser's motion to dismiss. We are confident the trial court will comply, and the writ will issue only if it fails to do so.

Docket No. 20 (Davis Dec.), Exh. A (Supreme Court Opinion) at 11. On Monday, April 19, 2010, plaintiffs filed their motion to remand. Docket No. 19 (Motion). Eleven days later, on April 30, plaintiffs filed a statement of non-opposition to the motion to remand. Docket No. 26 (Statement). On May 5, 2010, this court remanded this action. Docket No. 27 (Order). Plaintiffs now move for

1 attorneys fees associated with the motion to remand.  The court finds this motion suitable for
2 decision without oral argument.  Civil L.R. 7-1(b).

3     "An order remanding the case may require payment of just costs and any actual expenses,
4 including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  The court finds
5 that defendants' removal was in reliance upon the Texas courts' holdings; consequently, defendants
6 had an objectively reasonable basis for removal based on diversity jurisdiction.  The court also finds
7 that plaintiffs' successful motion to remand does not render them the prevailing party under
8 California Civil Code section 1717.  Consequently, plaintiffs' request for attorneys' fees is
9 DENIED.

11     IT IS SO ORDERED.

13 Dated: May 27, 2010

MARILYN HALL PATEL
United States District Court Judge
Northern District of California